## ABBOT, plaintiff in error, *vs.* CRAWFORD.

Whether it is necessary that the clerk of a militia company, suing for a penalty occasioned by neglect of military duty, should indorse the writ with his own name, provided the captain has indorsed his approval of the suit as required in *Stat.* 1821, *ch.* 164, *sec.* 46.—*quære.*

Where the clerk of a militia company had no other evidence of his appointment than a certificate on the back of his sergeant's warrant, stating that he, " appointed clerk," had taken the oath of office ;—it was held not to be sufficient to satisfy the requirement of *Stat.* 1821, *ch.* 164, *sec.* 12.

ERROR to reverse the judgment of a justice of the peace, rendered in an action brought by the clerk of a militia company against the now plaintiff in error, to recover certain penalties for the non-performance of military duties. The material facts, and the principal errors assigned, are stated in the opinion of the court.

The case was briefly spoken to at this term by *Abbot* for the plaintiff in error, and *Allen* for the defendant; and the opinion of the Court was delivered by

PARRIS J. The judgment which this writ is brought to reverse, was rendered in a suit for the recovery of sundry penalties, alleged to have been incurred by the defendant, in neglecting to attend the different meetings of the company of artillery, of which he is a member, for inspection, drill and improvement in military discipline

in the year 1828. The justice of the peace before whom the cause was tried, in certifying the record, has embodied the facts as they were proved on trial ; and we are called upon to decide wheth- er, for either of the causes assigned, the judgment by him rendered is to be reversed as erroneous.

The plaintiff in error has assigned ten causes, but relies principal- ly upon the first, second, sixth and eighth. The first, that the writ was not properly indorsed, which objection was urged before the justice, at the return day of the process, and overruled. The se- cond, that there was no legal evidence of the appointment of the plaintiff to be clerk. The sixth, that the captain had no authority to order his company to meet at twelve o'clock at noon on the 13th of *September,* mentioned in the second count ; and the eighth, that the supposed offences are alleged to have been committed against the form of the statute, whereas they ought to have been alleged against the form of the statutes in such case made and provided. The two first and the last strike at the foundation of the whole pro- cess, and if either of these errors be well assigned, the judgment rendered on all the counts must be reversed.

As to the first error the case finds that the original writ was indor- sed by the plaintiff, by the name of *J. B. Crawford.* By the stat- ute regulating judicial process, *chap.* 59, *sec.* 8, it is enacted, " that all original writs issuing out of the Supreme Judicial Court, or Court of Common Pleas, or from a justice of the peace, shall, before they are served, be indorsed on the back thereof by the plaintiff or plain- tiffs or one of them, with his christian and sirname, if he or they are inhabitants of this State, or by his or their agent or attorney, being an inhabitant thereof. There can be no doubt but this was an original writ, and, unless there are good reasons for excluding it from the operation of the statute, must be indorsed in the same manner as other writs issuing from the courts therein mentioned.

But it is contended that inasmuch as the indorsement of a writ is a peculiar species of security given by a plaintiff for the costs which the defendant may recover against him ; and as in prosecu- tions of this character, the plaintiff is, by statute, exempt from the payment of costs in any case in which the commanding officer of

the company has indorsed his approval on the writ, the provisions of the statute requiring original writs to be indorsed cannot apply.

It is manifest that, under such circumstances, the indorsement would be a mere nullity, wholly inoperative, giving the defendant no claims upon the plaintiff for his costs, and subjecting the plaintiff to no liabilities from which the certificate of his commanding officer would not be an effectual relief. But it is equally apparent that in all cases of mesne process, the indorsement of the writ by the plaintiff neither increases his liability, nor adds to the security of the defendant. The prevailing defendant looks not for payment of costs, to the plaintiff, in his character of indorser, but as the losing party; and against whom the defendants rights are as perfect without as with the indorsement of the original writ.

But, situated as this case is, we do not find it necessary to decide whether a distinction between this and ordinary process may or may not take it out of the operation of the statute, especially as a decision upon the second error assigned is more important to the militia generally, that the practice, in that particular, may be settled.

The plaintiff prosecutes this suit in the character of clerk of a company of artillery, and, by virtue of his office under the statute for organizing, governing and disciplining the militia, demands the payment of a forfeiture, a portion of which enures to his own private benefit. In prosecuting for this penalty he must be holden to shew his official character, with which he assumes to be clothed, and by virtue of which he claims to exercise important functions; and unless he do this, as well might any other person claim of the defendant payment of the alleged forfeiture. Has he done it? The case finds that the only certificate on the back of his sergeant's warrant, is in these words ;—" This may certify that *James B. Crawford*, appointed clerk of the company of artillery under my command, on this 25th day of *August* 1828 personally appeared and took the oath required by law to qualify him to discharge the duties of his office ; before me, *Charles Rogers*, captain of artillery ;"—and it is contended that this is a sufficient appointment, or that, from this, an appointment may be presumed.

What says the statute ? That " on the back of his warrant, as sergeant, the captain or commanding officer of the company shall in writing certify that he does thereby appoint him to be clerk of the company;" and then provides that before he enters upon the duties of his clerkship, he shall be sworn in the manner pointed out; and, after giving the form of the oath, requires the captain or commanding officer to certify further, " on the back of the warrant of the sergeant appointed to be clerk, that he was duly qualified by taking the oath required by law."

The language of this section, and its collocation, leave no doubt that it was intended that the appointment should be a separate act, distinct from the qualification ; and that each should be particularly certified. We do not say that one certificate may not include the appointment and qualification, but that each must be certified explicitly, and that the existence of the one will not supply the omission of the other.

The office, which is thus created, is one of no small importance. With the clerk are entrusted the records of the company ; he revises and keeps the roll, and state of the arms and equipments; he distributes and registers orders; he keeps the details of all drafts and detachments ; he enrols such as come to live within the bounds of the company ; he examines the equipments of the men, when thereto ordered, and he sues for and recovers all fines and forfeitures. There is probably, no officer, civil or military, of whatever grade, the evidence of whose appointment is of a slighter character than that required by the statute in the case of militia clerks ; and we do not feel at liberty to fritter away that evidence by requiring less than was evidently contemplated by the statute.

The lowest non-commissioned officer known in the militia law is furnished with an official warrant from the commanding officer of his regiment or battalion, as evidence of his appointment; and yet the clerk, an officer of much higher importance, has nothing as evidence of his appointment to that office, but a mere certificate of the fact from the commanding officer of his company. In this certificate the statute expressly requires the commanding officer to certify that he does thereby appoint. Inasmuch as this requirement is wholly omit-

ted in the case before us, the appointment being no where certified, and there being no evidence of such appointment except what is inferable from the certificate of the oath, we are of opinion that the second error is well assigned, and that the judgment be reversed.